UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RYAN FELTZ,

        Petitioner,

  v.

ATTORNEY GEN. OF THE STATE OF NEW YORK,

        Respondent.

9:18-CV-0179
(GTS)

---

APPEARANCES:                                     OF COUNSEL:

RYAN FELTZ
Petitioner, pro se
c/o Jason Watts
1184 Mountain Ave.
Purling, NY 12470

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

In February 2018, petitioner Ryan Feltz, proceeding pro se, filed a petition for a writ of habeas corpus, an application for a temporary restraining order, and an application seeking to "stay" the enforcement of, among other things, a 2014 state court judgment of conviction. Dkt. No. 3, Petition; Dkt. No. 5, Emergency Application for Restraining Order; Dkt. No. 7, Emergency Application for Stay of Enforcement of Pending Accusations. In a Decision and Order filed on February 27, 2018, the Court directed petitioner to file an amended petition, denied his request for injunctive relief, and denied his request to stay his state court proceedings. Dkt. No. 9, Decision and Order at 3-12, filed Feb. 27, 2018.

In June 2018, petitioner filed: (1) an amended petition, appended to which are numerous exhibits; (2) a supporting affidavit; (3) a memorandum of law; and (4) a motion to stay his sentencing in state court. Dkt. No. 15, Emergency Ex Parte Motion for Stay of Sentencing; Dkt. No. 15-1, Affidavit; Dkt. No.15-2, Memorandum of Law; Dkt. No. 16, Amended Petition ("Am. Pet."). In a Decision and Order filed on June 21, 2018, the Court ordered respondent to file a response to the amended petition within ninety days and denied petitioner's application to stay his state court proceedings. Dkt. No. 17, Decision and Order at 4-7, filed on June 21, 2018.

Currently pending before the Court are (1) a motion to reconsider both the respondent's time frame with which to file an answer and this Court's denial of the requested stay; (2) a motion to appoint counsel; and (3) a motion to authorize discovery. Dkt. No. 18, Motion for Reconsideration and Request for Discovery; Dkt. No. 18-1, Affidavit; Dkt. No. 18-2, Motion to Appoint Counsel; Dkt. No. 19, Exhibits.

## II.  PETITIONER'S MOTION FOR RECONSIDERATION

In support of his motion for reconsideration regarding the length of time respondent has been granted to file an answer, petitioner argues that "[f]or purposes of due process, justice, fairness, equal protection, equality, prevention of prejudice, [and] access to reasonable resources to litigate, [petitioner requests] that respondent be ordered the industry-average of 30 days or less to answer . . . ." Dkt. No. 18-1 at 6.

Additionally, in support of his motion for reconsideration regarding the denial of his motion to stay state court proceedings, petitioner argues that, contrary to the Court's reasoning, granting the stay would not be an affront to the state's rights because the state

2

forfeited its rights when it acted unlawfully.[1]  Dkt. No. 18-1 at 5.  Petitioner asserts that if he "ask[s] a [s]tate court for relief, it will kick the can down the road until [he] ha[s] served the prison term."[2]  *Id.*

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented.  *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).  The rules for reconsideration are strictly construed "to avoid repetitive arguments on issues that have been fully considered by the Court."  *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001) (internal quotation marks omitted).

---

[1] Within his motion, petitioner focuses on the merits of his claim and why his conviction, as well as his probation violation, should ultimately be vacated.  Specifically, the "probation violation is subsequent to an *unlawfully* obtained conviction [and the] State violated its own statutes to obtain the conviction[.]"  Dkt. No. 18-1 at 5.  Petitioner engages in a lengthy discussion about statutory construction, arguing that a statutory exemption precluded him from being charged with a felony and that the language within the statute in question is "[u]nconstitutionally [v]ague and [a]mbiguous."  *Id.* at 2-5; *see also* Dkt. No. 19 at 4-7 (seeking injunctive relief deeming provisions of the Penal Law unconstitutional).  This resulted in petitioner being "[f]orced *violently* into an illegal felony proceeding[] by [s]tate bullies . . . [when petitioner] committed absolutely no violence," yet suffered "inexcusabl[e] and unjustifiabl[e] . . . harm."  Dkt. No. 18-1 at 6.  Further, petitioner contends that failing to grant the stay will preclude him from being able to devote the time and attention required to his case.  *Id.* at 2 ("Prison affords inmates 1-2 hours per week at a computer.  I have devoted 12-15 hours per day . . . to produce the habeas petition.").

[2] In support of petitioner's contention, he filed an "addendeum [sic] and exhibt[.]"  Dkt. No. 19.  Petitioner asserts that the "state and county court at Greene County will continue to deprive [petitioner] of his right to due process," because "Greene County judge . . . Young . . . declined to sign [an] Order to Show Cause and returned all [petitioner's] papers, including [his] complaint for declaratory judgment, accompanied by no written decision or cause for denial.  Petitioner was notified by a phone call he recorded."  Dkt. No. 19 at 1.

3

Here, with respect to his request regarding respondent's time to file an answer, petitioner has failed to present any arguments sufficient to warrant reconsideration. While petitioner contends that the "industry standard" for filing an answer to a habeas petition is thirty days, the Local Rules indicate otherwise. *See* N.D.N.Y.L.R. 72.4(e) ("Once service is ordered by the Court, the Office of Attorney General will . . . be given ninety (90) days within which to file a response. This time will allow the Office of Attorney General to obtain the records from the underlying state court and file their response to the petition."). Petitioner fails to demonstrate any controlling decisions or material facts that were overlooked that might have influenced the Court's prior Decision and Order. Petitioner has also failed to identify any error or injustice perpetuated by this longstanding Local Rule, and the Court finds no reason to otherwise disturb it. As a result, reconsideration of the Court's decision giving respondent ninety days to file a response is denied.

Further, with respect to his request regarding the stay, petitioner primarily argues that the Court should reconsider its decision because any attempts petitioner may make to avail himself of state court remedies while his state court criminal matters are pending would be fruitless. However, petitioner's contentions that the appellate division will not entertain his substantive arguments on direct appeal or that the county court will automatically dismiss his allegations during a collateral attack on his conviction are completely speculative and insufficient to warrant reconsideration. Contrary to petitioner's assertions, a prior adverse state court decision is not necessarily indicative of a future one. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Decision and Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's disagreement with the Court's

decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision denying petitioner's request to stay the state court proceedings is also denied.

### III. PETITIONER'S MOTION TO APPOINT COUNSEL

Petitioner also seeks appointment of counsel. Dkt. No. 18-2 at 1. Specifically, petitioner contends that because he is homeless, destitute, and authoring papers that are "somewhat difficult to decipher . . . [a]n attorney is needed . . . ." *Id.*

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, "a [habeas] court should consider the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court." *Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005); *see Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). When a "petitioner's claims may 'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)).

Here, petitioner has not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. While petitioner was initially asked to file an

amended complaint to clarify the bases for his petition, petitioner successfully did so, allowing the Court to direct a response from respondent and the case to continue. Dkt. No. 17 at 4, 6. Further, petitioner has been able to actively participate in motion practice and cogently present his arguments therein. Dkt. Nos. 5, 7, 18. Petitioner's filings do not suggest that his claims are overly complex or that "appointment of counsel would be more likely to lead to a just determination." *Brito*, 2005 WL 1837954 at *2 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)). The Court concludes that appointment of counsel is not warranted at this time, and petitioner's request is therefore denied.

## IV. PETITIONER'S MOTION TO AUTHORIZE DISCOVERY

Petitioner also seeks the Court's permission to authorize discovery. Specifically, the petitioner wants respondent's "answer so [he] can demand discovery, respondent will default, and [petitioner] can move for the Writ, and be free to put [his] shattered life back together." Dkt. No. 18-1 at 7.

Pursuant to Habeas Rules 6 and 7, a district court may order discovery or expansion of the record where a party demonstrates good cause. Petitioner seems to make this request not for the purposes of gathering needed information, but in an attempt to gain a technical advantage over respondent based on non-compliance. This fails to constitute good cause. Further, a complete set of the state court records has not yet been filed; therefore, the Court cannot determine at this time whether information beyond those records will be required to adjudicate the petition. Therefore, petitioner's request is premature and unsupported by good cause, and, accordingly, it is denied. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (noting that "[a] habeas petition, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course").

**V.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules; and it is further

**ORDERED** that petitioner's motion to reconsider the ninety-day period given to respondent to file an answer and reconsider the Court's previous denial of a stay (Dkt. No. 18) is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that petitioner's motions to appoint counsel (Dkt. No. 18-2) and authorize discovery (Dkt. No. 18) are **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties, and serve an updated docket sheet upon petitioner, in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:    July 20, 2018
          Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

7